## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANDREW GREEN, JR.,

                Petitioner,

      v.                     CASE NO. 05-3450-SAC

STATE OF KANSAS, et al.,

                Respondents.


### O R D E R

This mater is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254 in which petitioner alleges constitutional error in his 1995 state conviction.  The court grants petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915, based upon petitioner's limited financial resources.

Having reviewed the habeas application, the court finds this matter is subject to being summarily dismissed as time barred.

Following enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) on April 24, 1996, a one year limitation period applies to a habeas corpus petition filed by a prisoner confined pursuant to a state court judgment.  28 U.S.C. 2244(d)(1).  The running of this one year limitation period is subject to tolling for pursuit of state post-conviction relief or other collateral review.  *See* 28 U.S.C. 2244(d)(2)(running of limitations period is tolled while properly filed state

post-conviction proceeding and appeal therefrom is pending).

In the present case, petitioner's state conviction became final in November 1996. Petitioner thus had one year from that date to seek relief in federal court, or to toll the running of that limitation period by properly filing a state post-conviction action and appeal therefrom. Petitioner cites no filing in the state courts regarding his conviction until his filing of a motion for post-conviction relief in 2003 or 2004. In a mandate issued September 26, 2005, the Kansas appellate courts affirmed the denial of relief in that post-conviction proceeding. Petitioner submitted the instant habeas petition to this court approximately two months later.

Notwithstanding petitioner's filing of the instant action within a year from the final denial of relief on his state post-conviction motion, petitioner's application for relief under 28 U.S.C. 2254 clearly appears time barred because the limitation period had already expired prior to petitioner's filing of his state court motion. *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for state post-conviction relief filed after expiration of one-year limitations period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002). Nor does petitioner identify any factual predicate to his claims that might warrant the running of the limitation period from a more recent date. *See* 28 U.S.C. 2244(d)(1)(D)(one year limitation period applicable to habeas petitions filed by a person in custody pursuant to a state court judgment runs from "the date on

2

which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.").

Accordingly, absent a showing that petitioner is entitled to equitable tolling of the limitation period,[1] the court finds petitioner's application for a writ of habeas corpus appears to be time barred.   Petitioner is thus directed to show cause why the petition for habeas corpus relief should not be dismissed due to petitioner's failure to commence this action within the one-year limitation period under 28 U.S.C. 2244(d).  The failure to file a timely response may result in the dismissal of this matter without further prior notice.

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis in this matter.

IT IS FURTHER ORDERED that petitioner is granted thirty (30) days to show cause why this matter should not be dismissed as

_____

[1]AEDPA's one-year statute of limitations is subject to equitable tolling, but only in rare and exceptional circumstances. Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct -- or other uncontrollable circumstances -- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient.  Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(citations and quotations omitted).  Further, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Garcia v. Shanks, 351 F.3d 468, 473 n. 2 (10th Cir. 2003) (internal quotations omitted).

time  barred.

**IT IS SO ORDERED.**

DATED:  This 15th day of December 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge