IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ANDREW GREEN, JR.,**

                        **Petitioner,**

          v.                                          **CASE NO. 05-3450-SAC**

**STATE OF KANSAS, et al.,**

                        **Respondents.**


**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in which petitioner alleges constitutional error in his 1995 state conviction. By an order dated December 15, 2005, the court directed petitioner to show cause why this matter should not be dismissed as filed outside the one year limitation period imposed by 28 U.S.C. § 2244(d)(1). Having reviewed petitioner's response, the court finds the petition should be dismissed as time barred.

A one year limitation period applies to a habeas corpus petition filed by a prisoner confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). In the present case, petitioner had one year from the date his state conviction became final in November 1996 to seek relief in federal court, 28 U.S.C. § 2244(d)(1)(A), or to toll the running of that limitation period by properly filing a state post-conviction action and appeal therefrom, 28 U.S.C. § 2244(d)(2).

Petitioner acknowledges there is no statutory tolling in this case because he did not file his post-conviction motion in the state courts until well after the one year limitation had expired. Petitioner essentially contends, however, that he is entitled to equitable tolling.

The "one-year statute of limitations [in 28 U.S.C. § 2244(d)(1)] is subject to equitable tolling but only in rare and exceptional circumstances. Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(*quotation and citations omitted*).

Here, petitioner states his confinement in administrative segregation from May 1993 until September 2003 prevented him from going to the law library, and claims he was denied timely responses to his requests for legal materials for the purpose of preparing a post-conviction motion for filing in the state courts. Petitioner also states he received no assistance pursuant to his requests for timely information and forms from the state appellate defender office and Legal Services for Prisoners. Petitioner further

2

suggests his extended administrative confinement and the resulting impairment on his ability to prepare and file timely pleadings in the state and federal courts were related to the fact that the victims of his crime were correctional officers.

Petitioner bears the burden of showing that "extraordinary circumstances" prevented him from filing his petition on time. Turner v. Johnson, 177 F.3d 390 (5th Cir. 1999). The Tenth Circuit Court of Appeals and this court have held that ignorance of the law generally will not excuse untimely filing, even for an incarcerated pro se prisoner. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001). There is no right to counsel in federal habeas proceedings, so lack of an attorney does not excuse an untimely habeas application. Coleman v. Thompson, 501 U.S. 722, 756-57 (1991). Segregation, without more, also fails to amount to a "rare and exceptional" circumstance. Petitioner does not directly allege intentional obstruction of his access to legal resources, and does not cite or identify and resort to administrative grievances to address his stated difficulties in obtaining information and supplies for court filings. *See* Marsh, 223 F.3d at 1220 (failure to receive legal assistance does not relieve petitioner of personal responsibility to file within AEDPA's one-year period); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").

Petitioner also fails to allege circumstances sufficient to excuse his lack of diligence in pursuing relief. *See* Garcia v.

3

<u>Shanks</u>, 351 F.3d 468, 473 n. 2 (10th Cir. 2003)(showings of both due diligence and extraordinary equitable circumstances are required for equitable tolling).

The court thus finds petitioner is not entitled to equitable tolling of the one year limitation period in 28 U.S.C. § 2244(d)(1), and concludes the petition should be dismissed.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 10th day of March 2006 at Topeka, Kansas.

             s/ Sam A. Crow
             SAM A. CROW
             U.S. Senior District Judge